UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER aka Gary Francis Fisher aka Sonny Barger , <br><br> Petitioner, <br><br> v. <br><br> CDCR, <br><br> Respondent. | No. 1:18-cv-01657-SKO HC <br><br> **FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF JURISDICTION** <br><br> **COURT CLERK TO ASSIGN DISTRICT JUDGE** <br><br> **(Doc. 4)** |

Petitioner, Gary Dale Barger (also known as Gary Francis Fisher and Sonny Barger), proceeds *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges three grounds for habeas relief: the prison has denied him (1) a request for an "Olson review,"[1] (2) access to the law library, and (3) proper medical care.

## I. **Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly

---

[1] An *Olson* review is "an administrative procedure which allows an inmate to review his central file." *James v. Scribner*, No. CV 07-880-TUC-RCC, 2010 WL 2605634, at *1 (E.D.Ca. June 28, 2010).

1

appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pled were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**II.     Petition States a Claim Properly Addressed in Proceedings Under § 1983**

"Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973). A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). Challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991). A plaintiff may not seek both types of relief in a single action. *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied sub nom Bressman v. Farrier*, 498 U.S. 1126 (1991); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*.

Petitioner seeks redress for conditions of his confinement. These claims are in the nature of a civil rights claim pursuant to 42 U.S.C. § 1983, as the claim does not concern the fact or duration of petitioner's confinement. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[A] § 1983 action [is] proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.")

Because Petitioner is not entitled to habeas corpus relief, the Court must recommend dismissing his habeas corpus petition. Petitioner may pursue his claims by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."

*Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to pursue federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court recommends declining to issue a certificate of appealability.

## IV. Conclusion and Recommendation

The undersigned recommends that the Court (1) dismiss the petition for writ of habeas corpus since it does not allege grounds that would entitle Petitioner to habeas corpus relief, and (2) decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court Clerk is hereby directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated: **December 28, 2018**              /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE